RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE _6 / 15 /09_
    6/3

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE  DIVISION**

| | | |
|---|---|---|
| **DANA DAY** | : | **CIVIL ACTION NO:  2:08-CV-00035** |
| *VERSUS* | : | **JUDGE RICHARD T. HAIK** |
| **OUTBACK STEAKHOUSE OF FLORIDA, INC.** | : | **MAGISTRATE JUDGE HILL** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## REASONS FOR JUDGMENT

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**A.    Facts**

This case involves allegations of negligence and premises liability on the part of a restaurant for injuries sustained by a restaurant patron after she allegedly tripped on a wooden stud protruding out of a restaurant sidewalk.  The sole Defendant named in this lawsuit is Outback Steakhouse of Florida, Inc.

On November 30, 2006, Plaintiff Dana Day dined at Outback Steakhouse in Lake Charles, Louisiana.  As she was exiting the restaurant and proceeding to her car, she tripped over a protruding wooden stud sticking out of the edge of the concrete on the sidewalk causing her to suffer serious injury.  Plaintiff subsequently filed suit against Defendant alleging the restaurant is liable to her for damages as a result of their alleged negligence in not maintaining a safe premises for public operation.

**B.     Procedural History**

Plaintiff filed suit against Defendant on December 3, 2007 in the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana. The case was removed to this Court on January 9, 2008. Defendant filed the instant Motion for Summary Judgment on May 7, 2009 asking this Court to dismiss the lawsuit on the grounds that no genuine issue of material fact exists as to the liability of the Defendant restaurant. Plaintiff timely filed an opposition to the Motion for Summary Judgment. Trial in this matter is currently set for July 6, 2009.

**C.     Defendant's Contentions**

Defendant contends Plaintiff has no evidence to suggest it created the allegedly negligent condition nor had actual or constructive notice of the alleged condition. Defendant further contends that, because Plaintiff cannot prove this essential element of her claim as set forth in La. R.S. 9:2800.6, summary judgment should be granted at this time.

Defendant notes Plaintiff's own testimony which evidences that she never noticed the stud sticking out of the sidewalk on previous visits to the Outback restaurant, she was unaware of who put the stick in its position on the day of the accident, and that she had no idea how long the stick had been there. Defendant contends these statements illustrate Plaintiff's inability to present evidence that Defendant created the alleged condition or had actual notice of the condition. In support of this contention, Defendant correctly cites the Louisiana Supreme Court case of *White v. Wal-Mart Inc.*, 699 So.2d 1081 (La. 1977) wherein the Court held that in order for Plaintiff to prove constructive notice, they must prove the alleged unreasonably dangerous condition existed "for some period of time" prior to the accident itself. Defendant also cites Outback proprietor Hal Ware's affidavit wherein he stated that he did not receive any complaints about any pieces of wood

protruding from the ground or any problems with the sidewalk prior to the time of Plaintiff's fall. As such, Defendant claims summary judgment is appropriate in the instant case given Plaintiff allegedly cannot prove the actual or constructive notice element of her claim.

**D.     Plaintiff's Contentions**

Plaintiff contends a genuine issue of material fact exists in this case as to whether Defendant exercised reasonable care as required by La. R.S. 9:2800.6(C)(1). Plaintiff argues the Court should give more weight to a reasonable care inquiry as opposed to focusing on the duration of the alleged negligent condition as Defendant suggests.

Plaintiff claims genuine issues of material fact exist as to whether (1) Defendant maintained a procedure manual for safety and inspection, (2) whether there was proper lighting in the area of the sidewalk where Plaintiff fell, and (3) whether Defendant ever performed an inspection of the exterior of the restaurant. In support of these contentions, Plaintiff directs this Court to the Louisiana Third Circuit Court of Appeal case of *Saucier v. Kugler*, 628 So.2d 1309 (La.App 3rd Cir. 1993). In *Saucier*, the Louisiana Third Circuit held that the only notice the defendant had of the slippery condition was that lemons would occasionally roll off a fruit stand thereby creating a dangerous conditions. In other words, the *Saucier* court held that proof of the *duration* of the lemons on the floor was not needed. Plaintiff also directs this Court to *Cobb v. Wal-Mart Stores, Inc.*, 624 So.2d 5 (La.App. 5th Cir. 1993) wherein the Louisiana Fifth Circuit Court of Appeal found the defendant had constructive notice of the dangerous condition even though no showing of how long the dangerous condition existed prior to injury.

**E.     Law/Analysis**

The issue in this case is whether Defendant Outback exercised "reasonable care" in

maintaining its restaurant sidewalk in a hazard free condition prior to Plaintiff's alleged injuries. In order for Plaintiff to defeat Defendant Outback's Motion for Summary Judgment, Plaintiff must establish that a genuine issue of material fact exists as to whether Defendant Outback exhibited "reasonable care" as required by La. R.S. 96:2800.6(c)(1). La. R.S. 96:2800.6 states:

> La. R.S. 96:2800.6. (Burden of proof in claims against merchants)
>
> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
>
> C. Definitions:
>
> (1) *"Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.* The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

La. R.S. 2800.6(c) tells us that, in order to establish constructive notice of a hazardous condition, a plaintiff must make a positive showing of the existence of the hazardous

condition *prior to* the fall.

Plaintiff is correct in that the evidence before the Court does not establish whether notice of the protruding stud was known to Defendant *prior to* the fall. Similarly, the evidentiary record does not establish whether the area of the fall was properly lighted or whether Defendant had a supervisory procedure in place to survey the area where Plaintiff's injury occurred. The only evidence Defendant provides to this Court in favor of granting summary judgment are (1) the Outback proprietor's own self-serving affidavit stating he did not know of the allegedly hazardous condition prior to the accident and (2) Plaintiff's own testimony that she did not know of the stick protruding from the sidewalk until after she fell. This type of evidence is not sufficient to warrant this Court's granting of Defendant's Motion for Summary Judgment. Accordingly, the Court finds that a genuine issue of material fact exists as to whether Defendant Outback exhibited "reasonable care" as required by La. R.S. 96:2800.6(c)(1).

**E. Conclusion**

Defendant has failed to meet its burden of showing no genuine issue of material facts exists as to whether Defendant it "reasonable care" as required by La. R.S. 96:2800.6(c)(1).

Accordingly, the Motion for Summary Judgment [Court Doc. 23] by Defendant Outback Steakhouse of Florida, Inc. is **DENIED**.

THUS DONE AND SIGNED in Lafayette, Louisiana, on the _15th_ day of June, 2009.

JUDGE RICHARD T. HAIK, SR.
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA